THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD ARREGUIN, Defendant-Appellant.

Third District    No. 80-226

Opinion filed January 30, 1981.

Robert Agostinelli and Charles Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Garry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is taken by the defendant, Richard Arreguin, from his conviction, following a jury trial, of the offense of criminal damage to property in excess of $150. The defendant was sentenced to a term of three years imprisonment.

On appeal the first issue raised by the defendant is whether his conviction should be reversed because a *per se* conflict of interests existed where his counsel's law firm was retained by a hospital which was the defendant's victim in an unrelated case then pending against the defendant and where an official of that hospital testified in aggravation against the defendant at the sentencing hearing in the case at bar. The State argues that the defendant has waived this issue by his failure to raise it in a post-trial motion. Alternatively, the State contends that no conflict existed, or that if a conflict arose when the hospital administrator testified in aggravation at the sentencing hearing, the appropriate remedy is to vacate the defendant's sentence and remand the cause for a new sentencing hearing.

■■ ■ Preliminarily, we note that the defendant has not waived the conflict of interests issue. Failure to raise an issue in a motion for a new trial normally constitutes waiver, and the issue cannot be urged as the basis for a reversal on appeal. (*People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) However, a strong showing of an intentional and knowing waiver of a conflict of interests issue is required before the waiver rule will be applied. (*People v. Mathes* (1979), 69 Ill. App. 3d 275, 387 N.E.2d 39.) In the case at bar the record is devoid of any indication that the defendant was adequately advised of the conflict of interests situation presented. Nor was he informed of the significance of conflict of interests and how such conflict can affect, sometimes subtly, a client's representation. Furthermore, the appearance of independent counsel on behalf of the defendant did not waive any conflict problem which might have been raised in a post-trial motion, since independent counsel did not appear in the case at bar until after the due date for post-trial motions had passed. See *People v. Mathes* (1979), 69 Ill. App. 3d 275, 387 N.E.2d 39.

At the defendant's arraignment, the trial court asked if there was any reason why the public defender could not be appointed to represent the defendant. Mr. Jack Cantlin, an assistant public defender appearing for Mr. Daniel Bute, the La Salle County public defender, informed the court that there was presently pending against the defendant a misdemeanor case in which he was awaiting sentencing. The complaining witness in the misdemeanor case was Ottawa General Hospital, which one of the partners in Mr. Cantlin and Mr. Bute's law firm represented. For that reason, Mr. Cantlin explained, the public defender's office had withdrawn as counsel in that case. He asserted to the court, however, that the misdemeanor case was an entirely different matter than the case at bar. Upon these representations, the court appointed the public defender's office to represent the defendant in the instant case.

Mr. Bute, the La Salle County public defender, represented the defendant during the trial. At the sentencing hearing, Mr. John Betts, a private attorney, entered his appearance on behalf of and at the request of the defendant. Although the trial judge allowed Mr. Bute to withdraw, the judge requested that Mr. Bute remain and assist Mr. Betts with the sentencing hearing. Both Mr. Betts and Mr. Bute were present at the defendant's counsel table throughout the sentencing hearing.

Following the State's evidence in aggravation, defense counsel presented a petition requesting that the defendant be examined by a psychiatrist to determine whether the defendant was fit to be sentenced or fit to be incarcerated in the penitentiary. This motion was allowed, and the cause was continued until January 21, 1980.

On that date, the defendant was once again represented by Mr. Betts and Mr. Bute. Prior to the hearing on the defendant's petition for a

psychiatric examination, Mr. Betts presented a post-trial motion on behalf of the defendant. That motion, which did not raise the conflict of interests issue, was denied by the court. Upon a finding that the defendant was fit to be sentenced, the sentencing hearing was continued to February 7, 1980.

At that hearing, Mr. Betts and Mr. Bute again represented the defendant. The State presented in aggravation the testimony of Mr. George Andrews, an administrator at Ottawa General Hospital. His testimony related to the misdemeanor previously committed by the defendant against the hospital.

■■ It is this sequence of events upon which the defendant bases his conflict of interests argument. We are persuaded by the defendant's argument and find a *per se* conflict of interests in defense counsel's ongoing commitment of representation to Ottawa General Hospital, which was the complainant in an unrelated case pending against the defendant. The testimony in aggravation of Mr. George Andrews, an administrator at Ottawa General Hospital, at the defendant's sentencing hearing compounded but was not the sole cause of the conflict of interests situation created.

■■ In so finding we note that the factual situation in the present case is not identical to that found in *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441, or *People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67. In both *Stoval* and *Coslet* counsel represented both the defendant and the victim with regard to the same offense. However, the reasoning in those cases is applicable to the case at bar. The tactical decisions made by counsel may be subtly, even subconsciously affected to the detriment of one client by counsel's desire not to alienate another client. Certainly such psychological influences may be present where counsel represents a criminal defendant while engaged in the continuing representation of another client whose interests have been violated at some earlier time by that same defendant. Under these circumstances, the criminal defendant is denied the unbiased, forceful representation guaranteed to him by the Constitution, and a reversal of the defendant's conviction is mandated without a showing of actual prejudice. *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441.

■■ It makes no difference with regard to the conflict of interests that one member of Mr. Bute's law firm represented the defendant, while another member of the firm represented the hospital. If one member of a law firm has a conflict of interests in such a situation, the conflict is imputed to all members of the firm. *People v. Fife* (1979), 76 Ill. 2d 418, 392 N.E.2d 1345.

Our resolution of the conflict of interests issue precludes an examin-

ation of the remaining issue raised by the defendant in this appeal. Accordingly, we reverse the defendant's conviction and remand this cause to the Circuit Court of La Salle County for a new trial.

Reversed and remanded.

ALLOY, P. J., and SCOTT, J., concur.