# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

*People v. Fields*, 2012 IL 112438

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ALBERT L. FIELDS, Appellee. |
| Docket No. | 112438 |
| Filed | September 20, 2012 |
| Modified Upon Denial of Rehearing | November 26, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defense counsel did not have a *per se* conflict of interest when the State, in attempting to show propensity for sex crimes, called as a witness a young female who had been the victim of a different sex offense by the defendant and counsel had been her guardian *ad litem* in an unrelated earlier matter. |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Henry County, the Hon. Larry S. Vandersnick, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Cause remanded. |

Counsel on
Appeal

Lisa Madigan, Attorney General, of Springfield, and Terence Patton, State's Attorney, of Cambridge (Michael A. Scodro, Solicitor General, and Michael M. Glick and Michael R. Blankenheim, Assistant Attorneys General, of Chicago, and Patrick Delfino, Stephen E. Norris and Patrick D. Daly, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Michael J. Pelletier, State Appellate Defender, Peter A. Carusona, Deputy Defender, and Glenn Sroka, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

Justices

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion

**OPINION**

¶ 1    Following a jury trial, defendant, Albert L. Fields, was convicted of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2006)), three counts of criminal sexual assault (720 ILCS 5/12-13(a)(1), (a)(3) (West 2006)), and two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(b) (West 2006)). Defendant was sentenced to 36 years' imprisonment. Defendant appealed, contending that he had been denied the effective assistance of counsel because his trial attorney labored under a *per se* conflict of interest. A divided appellate court agreed, reversing defendant's convictions and sentence, and remanding for a new trial. 409 Ill. App. 3d 398.

¶ 2    This court allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). We now reverse the judgment of the appellate court.

¶ 3                              BACKGROUND

¶ 4    Defendant was charged by information in January 2007. Specifically, the information charged predatory criminal sexual assault in that between 1999 and October 27, 2004, defendant, who was age 17 or older, on two separate occasions placed his penis in the mouth of his stepdaughter, K.N.J., when she was younger than 13. The information charged criminal sexual assault in that between 1999 and February 2006, defendant, on two separate occasions, placed his penis in the mouth of K.N.J. by the use of force or threat of force. The information charged two counts of criminal sexual assault occurring between 1999 and February 2006, in that defendant, on two separate occasions, placed his penis in K.N.J.'s mouth when she was younger than 18 and he was her stepfather. Finally, the information charged that between 2001 and February 2006, defendant committed aggravated criminal

sexual abuse in that defendant fondled K.N.J.'s breasts and vagina, and made her fondle his penis, for his sexual arousal and gratification, when K.N.J. was younger than 18 and he was her stepfather. The public defender of Henry County was appointed to represent defendant.

¶ 5    Prior to trial, the State moved to introduce other-crimes evidence pursuant to section 115-7.3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-7.3 (West 2006)). The State sought to introduce evidence that defendant had sexually abused another child, in order to show that defendant had a propensity to commit sex crimes. The State's section 115-7.3 motion alleged that, in 2007, defendant had been convicted in the circuit court of Rock Island County of the aggravated criminal sexual abuse of C.S., a nine-year-old girl. The trial court granted the State's motion, ruling that the State could present testimony about the prior crime, along with a certified copy of defendant's conviction for that crime.

¶ 6    Thereafter, defendant filed a complaint against his attorney with the Illinois Attorney Registration and Disciplinary Commission. The trial court allowed defendant's attorney to withdraw from the case, and appointed Edward Woller to represent defendant. Woller had represented defendant before, including representing defendant in the Rock Island County case.

¶ 7    Defendant's jury trial commenced on June 5, 2008. At defendant's trial, a certified copy of defendant's conviction of aggravated criminal sexual abuse against C.S. in the Rock Island County case was admitted into evidence on the issue of defendant's propensity to commit the offenses for which he was charged in the instant case.[1] In addition, C.S. testified that in 2005, defendant sexually abused her when he was living with her and her mother in Moline, Illinois. C.S. said that she was nine years old at the time. C.S. testified that one morning, defendant gave her a book containing pictures of naked girls "showing their private parts," and told C.S. to put the book on his weight set in the basement. Defendant then followed C.S. into the basement. Defendant pulled down his pants, grabbed C.S.'s hand, put C.S.'s hand on his "wee wee," and made C.S. rub it until he ejaculated. Defendant also put his hand down C.S.'s pants and stuck his finger inside her. Defendant then pushed C.S. down on the ground and told her "to suck his wee wee." C.S. refused. Defendant told C.S. if she told anyone, he would beat her and ground her. After defendant had kicked C.S. and her mother out of the house, C.S. told her mother about the abuse.

¶ 8    K.N.J., defendant, and several other witnesses also testified at defendant's trial. At the conclusion of his jury trial, defendant was convicted on all counts concerning K.N.J. The trial court denied defendant's motion for a new trial. After vacating defendant's three criminal sexual assault convictions on one-act, one-crime grounds, the trial court imposed consecutive sentences of 18 years' imprisonment for each conviction of predatory criminal sexual assault of a child, and concurrent sentences of six years' imprisonment for each

---

[1]Defendant's conviction for the aggravated criminal sexual abuse of C.S. in the Rock Island County case was reversed on July 20, 2010. *People v. Fields*, No. 3-07-0305 (2010) (unpublished order under Supreme Court Rule 23). The appellate court in the Rock Island County case found that defense counsel labored under a *per se* conflict of interest because he had previously represented C.S., the victim in the case, and defendant did not waive the conflict.

conviction of aggravated criminal sexual abuse.

¶ 9    Defendant then appealed, arguing that his attorney, Woller, had a *per se* conflict of interest because Woller had served as a guardian *ad litem* for C.S. in a case that ended in 2002 or 2003. Woller had disclosed that fact during pretrial proceedings in the Rock Island County case, but did not disclose his prior representation of C.S. in the instant case. The guardian *ad litem* proceedings were unrelated to either of the criminal cases brought against defendant. Defendant claimed that the cause should be remanded for a new trial because of the *per se* conflict of interest.

¶ 10   A majority of the appellate court agreed. The appellate court, citing this court's decisions in *People v. Taylor*, 237 Ill. 2d 356 (2010), and *People v. Hernandez*, 231 Ill. 2d 134 (2008), noted that there are three situations where a *per se* conflict of interest exists: (1) where defense counsel has a prior or contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution; (2) where defense counsel contemporaneously represents a prosecution witness; and (3) where defense counsel was a former prosecutor who had been personally involved in the prosecution of the defendant. 409 Ill. App. 3d at 401. The majority held that C.S. was an entity assisting the prosecution, as set forth in the first situation, so that defense counsel's prior association with C.S. constituted a *per se* conflict of interest. *Id.* at 402. The appellate court rejected the State's argument that "entity" applied only to a municipality, rather than a person. *Id*. at 403.

¶ 11   The majority also held that even if C.S. was not an "entity" for purposes of finding a *per se* conflict of interest, defendant's conviction nonetheless had to be reversed because C.S. would benefit from an unfavorable verdict for defendant. 409 Ill. App. 3d at 404. The majority noted that in *Hernandez*, 231 Ill. 2d at 142, this court held that when a defendant's attorney has a tie to a person or entity that would benefit from an unfavorable verdict for the defendant, a *per se* conflict of interest arises. 409 Ill. App. 3d at 404.

¶ 12   The majority found that there were three intangible benefits to C.S. that would result from an unfavorable verdict for the defendant. First, C.S. would benefit from having her assailant incarcerated. 409 Ill. App. 3d at 405. Second, defendant's conviction for the same crime against another young girl would validate C.S.'s own claim of sexual abuse against defendant. *Id.* Third, assisting the State in convicting defendant would allow C.S. the opportunity to help another young girl who had been subjected to the same horrific behavior that C.S. had to endure. *Id.* The majority stated that they could not assert with any confidence that defense counsel's representation of defendant was not hobbled, fettered, or restrained by his prior commitments to C.S. *Id.*

¶ 13   Justice Schmidt dissented. 409 Ill. App. 3d at 406 (Schmidt, J., dissenting). Justice Schmidt stated that the majority's finding that C.S. was an entity assisting the prosecution rendered superfluous the second category of conduct that gave rise to a *per se* conflict of interest: where defense counsel contemporaneously represents a prosecution witness. *Id.* Under the majority's holding, any representation that falls under the second category would necessarily also fall under the first category. *Id.* Justice Schmidt further stated that the majority's holding ignored this court's precedent, namely, *People v. Enoch*, 146 Ill. 2d 44 (1991), where this court stated that defense counsel's prior representation of a State's witness

does not establish a *per se* conflict of interest between defense counsel and a defendant. *Id.* at 406-07.

¶ 14                                                    ANALYSIS

¶ 15        The State now appeals, arguing that defense counsel's past representation of C.S. did not create a *per se* conflict of interest. Like the appellate court dissent, the State argues that the majority's holding is contrary to a line of cases where our court has held that a *per se* conflict of interest exists only if the professional relationship between defense counsel and the witness is contemporaneous with defense counsel's representation of the defendant. The State notes that, in this case, Woller's representation of C.S. ended in 2002 or 2003, well before Woller's representation of defendant in the instant case began in 2007. Consequently, Woller did not have a contemporaneous conflicting professional commitment to C.S. that disqualified him from representing defendant.

¶ 16        The State further contends that the majority's finding that C.S. was an "entity assisting the prosecution" is contrary to this court's precedent which establishes that an "entity assisting the prosecution" encompasses only organizational clients.

¶ 17        Finally, the State argues that the majority's alternative holding that C.S. was a beneficiary of defendant's conviction rests on impermissible speculation. According to the State, under the appellate court's general definition of the benefits C.S. allegedly received from defendant's conviction, almost all prosecution witnesses would be considered beneficiaries of a guilty verdict. It is well settled that a criminal defendant's sixth amendment right to effective assistance of counsel includes the right to conflict-free representation. *Taylor*, 237 Ill. 2d at 374. There are two categories of conflict of interest: *per se* and actual. *Id.* A *per se* conflict of interest exists where certain facts about a defense attorney's status, by themselves, engender a disabling conflict. *Id.* Stated otherwise, a *per se* conflict arises when a defendant's attorney has a tie to a person or entity that would benefit from an unfavorable verdict for the defendant. *Hernandez*, 231 Ill. 2d at 142.

¶ 18        As the appellate court stated, this court has found three situations where a *per se* conflict exists: (1) where defense counsel has a prior or contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution; (2) where defense counsel contemporaneously represents a prosecution witness; and (3) where defense counsel was a former prosecutor who had been personally involved with the prosecution of defendant. *Taylor*, 237 Ill. 2d at 374; *Hernandez*, 231 Ill. 2d at 143-44. If a *per se* conflict is found, a defendant need not show that the conflict affected the attorney's actual performance. *Taylor*, 237 Ill. 2d at 374-75. Unless a defendant waives his right to conflict-free representation, a *per se* conflict is automatic grounds for reversal. *Taylor*, 237 Ill. 2d at 375.

¶ 19        When the record shows that the facts are undisputed, the issue of whether a *per se* conflict exists is a legal question that this court reviews *de novo*. *Hernandez*, 231 Ill. 2d at 144. Here, the facts concerning Woller's representation of defendant and C.S. are undisputed. Accordingly, our review of the appellate court's decision finding a *per se* conflict is *de novo*.

¶ 20        Upon review, we find that the appellate court majority erred in holding that a *per se* conflict of interest existed in this case. Illinois supreme court case law has clearly and

consistently held that, in cases where defense counsel has represented a State's witness, a *per se* conflict of interest will not be held to exist unless the professional relationship between the attorney and the witness is contemporaneous with defense counsel's representation of the defendant.

¶ 21    Thus, in *People v. Robinson*, 79 Ill. 2d 147, 161 (1979), the court noted that defense counsel had a conflict of interest because the attorney still had an active attorney client relationship with a prosecution witness. In so holding, *Robinson* found that the case before it was consistent with *United States v. Jeffers*, 520 F.2d 1256 (7th Cir. 1975), where the court rejected a claim that defense counsel's prior representation of a prosecution witness in an earlier criminal trial constituted a conflict of interest. The *Robinson* court noted that, in contrast to the case before it, there was no existing personal relationship between the defense attorney and the prosecution witness at the time of the defendant's trial in *Jeffers*. *Robinson*, 79 Ill. 2d at 161.

¶ 22    Thereafter, in *People v. Free*, 112 Ill. 2d 154, 168 (1986), the court again stated that:

> "In a situation where defense counsel has represented a State's witness, a *per se* conflict of interest will not be held to exist unless the professional relationship between the attorney and the witness is contemporaneous with counsel's representation of the defendant."

¶ 23    The assistant public defender representing the defendant in *Free* had previously represented a witness who testified adversely to the defendant at a hearing on a motion to suppress prior to defendant's trial. The court held that defense counsel did not have a *per se* conflict of interest, even though the record did not formally show when defense counsel's representation of the witness had ended. The court concluded:

> "[I]t would be unreasonable under the circumstances to presume that the assistant public defender had a continuing professional relationship with [the witness] after [the witness's] testimony was suppressed. That [the witness's] testimony was suppressed before the defendant's trial and that [defense counsel] did not undertake the representation of [defendant] until the post-conviction petition was filed supports the notion he no longer represented [the witness]." *Free*, 112 Ill. 2d at 168-69.

¶ 24    As noted, subsequent cases consistently have held that a *per se* conflict exists where defense counsel contemporaneously represents a prosecution witness. See *Taylor*, 237 Ill. 2d at 374 (one of three situations where *per se* conflict exists is where defense counsel contemporaneously represents a prosecution witness); *Hernandez*, 231 Ill. 2d at 143 (one of three situations where *per se* conflict exists is where defense counsel contemporaneously represents a prosecution witness); *People v. Morales*, 209 Ill. 2d 340, 346 (2004) (court has "found a *per se* conflict when defense counsel contemporaneously represented a prosecution witness"); *People v. Moore*, 189 Ill. 2d 521, 538 (2000) ("*per se* conflict of interest exists where defense counsel engages in a contemporaneous representation of the defendant and the State's witness"); *Enoch*, 146 Ill. 2d at 52 (where defense counsel has previously represented a prosecution witness, a *per se* conflict of interest exists if the professional relationship between the defense attorney and the witness is contemporaneous with defense counsel's representation of the defendant); *People v. Thomas*, 131 Ill. 2d 104, 111 (1989)

(where defense counsel has represented a State's witness, a *per se* conflict exists if the professional relationship between defense counsel and the witness is contemporaneous with counsel's representation of defendant); *People v. Flores*, 128 Ill. 2d 66, 83 (1989) (where defense counsel has represented a prosecution witness, *per se* conflict of interest exists if the professional relationship between the defense attorney and the witness is contemporaneous with counsel's representation of the defendant).

¶ 25    Notably, in none of the preceding cases did the court hold that a defense counsel's *prior* representation of a prosecution witness constituted a *per se* conflict of interest. Nor did any of those decisions find that the prosecution witness was an "entity assisting the prosecution." The law is clear. A *per se* conflict of interest will be found where defense counsel's representation of a prosecution witness is *contemporaneous* with defense counsel's representation of the defendant. Here, Woller's representation of C.S. had ended four to five years prior to his representation of defendant. Accordingly, Woller's representation of C.S. was not contemporaneous with his representation of defendant and did not present a *per se* conflict of interest.

¶ 26    The appellate court acknowledged that Woller's representation of C.S. was not contemporaneous with his representation of defendant, for purposes of the second situation where a conflict of interest will be found. Nonetheless, the appellate court majority found even though Woller's representation of C.S. was not contemporaneous with his representation of defendant, a *per se* conflict of interest existed because C.S. was an "entity assisting the prosecution," as set forth in the first situation where a *per se* conflict of interest will be found. In contrast to the second situation, the first situation where a *per se* conflict of interest will be found includes defense counsel's prior association, as well as his contemporaneous association, with the victim, the prosecution, or an entity assisting the prosecution.

¶ 27    The appellate court stated that C.S. clearly was "assisting the prosecution" because she was testifying for the State against the defendant. 409 Ill. App. 3d at 401. Accordingly, the appellate court addressed whether C.S. could be characterized as an entity, or whether this court intended that only a municipality, organization or company could qualify as an entity.

¶ 28    In addressing this issue, the appellate court noted that there was no authority expressly defining the term "entity" in the context of a *per se* conflict of interest. 409 Ill. App. 3d at 401. Consequently, the appellate court looked to dictionary definitions of the term "entity," to ascertain the plain and ordinary meaning of the term. The court noted that both West's Legal Thesaurus and Dictionary and Black's Law Dictionary defined "entity" to include both an organization and an individual. *Id.* at 402. The majority therefore concluded that this court "chose to use the term 'entity' in order to incorporate both individuals and organizations." *Id.*

¶ 29    The appellate court erred in so holding. As discussed, this court has always held that a defense counsel's representation of a prosecution witness constitutes a *per se* conflict of interest when the representation is contemporaneous with defense counsel's representation of the defendant, but is not a *per se* conflict of interest when defense counsel's representation of the witness is prior to counsel's representation of defendant. We again point out that, in

contrast, the first situation where a *per se* conflict of interest exists encompasses defense counsel's prior or contemporaneous association with the victim, the prosecution or an entity assisting the prosecution. Given that defense counsel's prior representation of a prosecution witness does not constitute a *per se* conflict of interest, while his prior association with an entity assisting the prosecution does constitute a *per se* conflict, a prosecution witness necessarily cannot also be an "entity assisting the prosecution." As both the appellate court dissent and the State asserted, to find that an individual is an entity would render superfluous the second situation where a *per se* conflict exists.

¶ 30     Moreover, although the appellate court is correct that this court has never expressly defined the term "entity," it was unnecessary to do so because our case law has always recognized a difference between a person and an entity in the context of *per se* conflicts of interest. For example, in *People v. Spreitzer*, in discussing *per se* conflicts of interest, the court noted that "[t]he justification for treating these conflicts as *per se* has been that the defense counsel in each case had a tie to *a person or entity*—either counsel's client, employer, or own previous commitments—which would benefit from an unfavorable verdict for the defendant." (Emphasis added.) *People v. Spreitzer*, 123 Ill. 2d 1, 16 (1988). The court reiterated this distinction in *People v. Kitchen*, 159 Ill. 2d 1, 29 (1994), citing *Spreitzer* for the rule that "a *per se* conflict of interest exists in instances where defense counsel had an association with the prosecution or victim, or *with a person or entity* who would benefit from the defendant's prosecution." (Emphasis added.) One year later, in *People v. Janes*, 168 Ill. 2d 382, 387 (1995), the court again stated, "[a] *per se* conflict of interest arises where defense counsel has a tie to a *person or entity* which would benefit from an unfavorable verdict for the defendant." (Emphasis added.) The distinction between person and entity was repeated in *Moore*, when the court observed that "*per se* conflicts involve situations where defense counsel has some tie to a *person or entity* that would benefit from an unfavorable verdict for the defendant." (Emphasis added.) *Moore*, 189 Ill. 2d at 538. As recently as 2008, the court again stated that a *per se* conflict arises "[w]hen a defendant's attorney has a tie to a *person or entity* that would benefit from an unfavorable verdict for the defendant." (Emphasis added.) *Hernandez*, 231 Ill. 2d at 142.

¶ 31     In addition, as the State points out, the only case where this court has held that defense counsel's representation of an "entity assisting the prosecution" created a *per se* conflict of interest involved a defense attorney who simultaneously represented the defendant and also served as a part-time attorney for the municipality where the defendant was being prosecuted. See *People v. Washington*, 101 Ill. 2d 104 (1984). The State notes, as it did in the appellate court, that in *People v. Lawson*, the court cited *Washington* as an example of an entity assisting the prosecution. See *People v. Lawson*, 163 Ill. 2d 187, 211 (1994) ("[t]he common element in these [*per se*] cases was that the defense counsel was previously or contemporaneously associated with either the victim (*Stoval*, *Coslet*), the prosecution (*Fife*, *Kester*), or an entity assisting the prosecution (*Washington*)").

¶ 32     The appellate court majority dismissed the State's contention that the decisions in *Washington* and *Lawson* demonstrate that the phrase "entity assisting the prosecution" was intended to encompass only organizational clients. The majority stated that the "supreme court may have *intended* to draw the distinction urged by the State, but the simple citation

to an example does not compel that conclusion." (Emphasis in original.) 409 Ill. App. 3d at 403.

¶ 33     Although the majority is correct that a "simple citation" may not compel that conclusion, when considered with all supreme court precedent addressing *per se* conflicts of interests, it is clear that such a conclusion is, in fact, compelled. The only supreme court case to find a *per se* conflict involving "an entity assisting the prosecution" is a case involving a municipality. With regard to prosecution witnesses, this court has recognized an entirely separate situation where a *per se* conflict of interest exists. In addition, this court has always distinguished between person and entity in discussing *per se* conflict cases. Taken together, there is no doubt that this court intended to draw the distinction urged by the State: that an entity does not include a person for purposes of *per se* conflicts of interest. The appellate court majority erred in holding otherwise.

¶ 34     We also briefly address the majority's attempts to distinguish the decisions in *Enoch* and *Flores*, where our court held that a *per se* conflict of interest does not arise from defense counsel's prior representation of a State witness. The appellate court found those cases distinguishable because neither case "dealt with the conflict category at issue in the present case, specifically, an entity assisting the prosecution." 409 Ill. App. 3d at 403. Rather, "both dealt with the conflict category of whether defense counsel contemporaneously *represented* a prosecution witness." (Emphasis in original.) *Id.* The appellate court also distinguished *Enoch* and *Flores* on the ground that the potential conflicts in those cases were disclosed to the trial court. *Id.* at 403-04.

¶ 35     The appellate court's attempts to distinguish *Enoch* and *Flores* are unavailing. It is *because* those cases dealt with the conflict category of whether defense counsel contemporaneously represented a prosecution witness that they are directly on point. Those cases did not address the category of entity assisting the prosecution because there was no need to do so. In addition, it was the fact that defense counsel's representation of the prosecution witness was prior to his representation of the defendant that eliminated any *per se* conflict in that case, not the fact that any potential conflict was disclosed to the trial court. *Enoch* and *Flores* are directly on point. Defense counsel's prior representation of C.S. in this case did not create a *per se* conflict of interest.

¶ 36     Before we turn to the appellate court's second reason for finding that there was a *per se* conflict in this case, we address defendant's response to the State's claim that the appellate court's holding would render superfluous the situation concerning defense counsel's representation of a prosecution witness. Defendant argues that the State has "missed the forest for the trees" because this court has never stated that there are three mutually exclusive categories of *per se* conflicts, nor has this court held that there can never be additional situations where a *per se* conflict can be found to exist.

¶ 37     While this court may never have expressly stated that the three situations giving rise to a *per se* conflict of interest are distinct, as we discussed *supra*, it is clear that the nature of the first and second *per se* conflict situations necessarily renders them distinct. If an entity assisting the prosecution includes prosecution witnesses, there would be no need to recognize the second situation where a *per se* conflict of interest exists, nor would there be any

consistency in holding that only defense counsel's contemporaneous representation of a prosecution witness constitutes a *per se* conflict of interest. Further, because this case involves defense counsel's representation of a prosecution witness, which is addressed in the second situation where a *per se* conflict of interest will be found, there is no need to consider whether defendant is correct that additional situations might be found where a *per se* conflict of interest exists.

¶ 38    We also note that defendant was not left without recourse in this case. If defendant believed that his attorney's prior representation of C.S. constituted a conflict of interest, defendant could have argued that his counsel had an actual conflict of interest. "If a *per se* conflict does not exist, a defendant may still establish a violation of his right to effective assistance of counsel by showing an actual conflict of interest that adversely affected his counsel's performance." *Hernandez*, 231 Ill. 2d at 144.

¶ 39    We next address the appellate court's alternate basis for reversing defendant's conviction in this case. The appellate court majority held that even if C.S. was not an entity assisting the prosecution, reversal of defendant's conviction was still required because C.S. would benefit from an unfavorable verdict for defendant. As support, the majority cites this court's decisions in *Hernandez* and *Janes* as holding that, "when a defendant's attorney has a tie to a person or entity that would benefit from an unfavorable verdict for the defendant, a *per se* conflict arises." 409 Ill. App. 3d at 404. As noted, the appellate court found there were three intangible benefits to C.S. in having defendant convicted of sexually abusing K.N.J. which gave rise to a *per se* conflict of interest.

¶ 40    The appellate court is correct that this court has stated, "[w]hen a defendant's attorney has a tie to a person or entity that would benefit from an unfavorable verdict for the defendant, a *per se* conflict arises." *Hernandez*, 231 Ill. 2d at 142 (citing *Janes*, 168 Ill. 2d at 387). Contrary to the appellate court's interpretation, however, that statement does not set forth an additional, fourth situation where a *per se* conflict of interest might be found, nor does it provide an alternate basis for finding a *per se* conflict of interest. Rather, the statement describes the justification for the *per se* rule. After noting that a *per se* conflict arises when a defendant's attorney has a tie to a person or entity that would benefit from an unfavorable verdict for the defendant, the *Hernandez* court continued:

> "We explained the justification underlying the *per se* rule in *Spreitzer*. First, we noted that counsel's knowledge that a result favorable to his other client or association would inevitably conflict with defendant's interest 'might "subliminally" affect counsel's performance in ways [that are] difficult to detect and demonstrate.' *Spreitzer*, 123 Ill. 2d at 16. Also, we noted the possibility that counsel's conflict would subject him to ' "later charges that his representation was not completely faithful." [Citations.]' *Spreitzer*, 123 Ill. 2d at 17." *Hernandez*, 231 Ill. 2d at 143.

Once the *Hernandez* court set forth the justification for the *per se* conflict rule, the court then identified the three situations where a *per se* conflict exists.

¶ 41    The appellate court erred in construing the justification for the *per se* conflict rule as creating an additional, alternate basis for finding a *per se* conflict in this case. Pursuant to long-standing precedent, this court has recognized three situations where a *per se* conflict of

interest exists. The facts in this case potentially implicate the second situation because Woller previously had represented the prosecution witness. However, Woller's representation of C.S. had ended three to four years prior to his representation of defendant. Accordingly, Woller did not contemporaneously represent C.S. and the defendant. There was, then, no *per se* conflict in this case, and no basis to reverse defendant's conviction and sentence.

¶ 42                                        CONCLUSION

¶ 43      For all of the foregoing reasons, we reverse the appellate court's decision. The cause is remanded to the appellate court for consideration of those issues previously raised but left unresolved owing to that court's disposition.


¶ 44      Appellate court judgment reversed.

¶ 45      Cause remanded.