**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190100-U

Order filed May 1, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0100 Circuit No. 15-CF-28 |
| CLARENCE MERRITTE, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Defense counsel did not labor under a *per se* conflict of interest when he represented defendant on charges of aggravated battery.

¶ 2     Defendant, Clarence Merritte, appeals his conviction for aggravated battery. Defendant argues that his conviction must be reversed because defense counsel labored under a *per se* conflict of interest by representing both defendant and a purported victim. We affirm.

¶ 3                         I. BACKGROUND

¶ 4     Defendant was charged with two counts of aggravated battery (720 ILCS 5/12-3.05(c), (f)(1) (West 2014)) for striking Brandon Nighswonger with his fists and a pool cue. The incident occurred on October 17, 2014. An additional charge for driving while his license was revoked (625 ILCS 5/6-303(a), (d-2) (West 2016)) was later added. The third charge involved an incident that occurred approximately 18 months after the first incident. Defendant retained attorney Charles Snowden to represent him.

¶ 5     Defendant was later charged with aggravated assault (720 ILCS 5/12-2(c)(7) (West 2016)), unlawful restraint (*id.* § 10-3(a)), domestic battery (*id.* § 12-3.2(a)(1)), and driving while his license was revoked (625 ILCS 5/6-303(a), (d-2) (West 2016)). These charges stemmed from a third incident that occurred on February 17, 2017, while defendant was released on bail. The indictment stated that Devita Durando was the victim of the aggravated assault charge, and Kayla Stratton was the victim of the unlawful restraint and domestic battery charges.

¶ 6     The State filed a motion to disqualify Snowden as defendant's attorney because Snowden was contemporaneously representing Stratton. The motion stated that Snowden accompanied Stratton when she was called to testify before a grand jury and identified himself as her attorney to an assistant state's attorney. Snowden and the assistant state's attorney had a discussion regarding Stratton giving a statement to the sheriff's office. Stratton also indicated that Snowden was her attorney concerning a case opened by the Department of Child and Family Services.

¶ 7     Defendant filed a response requesting that the court deny the State's motion. The response stated that Snowden was no longer representing Stratton because she was not being charged with any offense. The motion stated that Stratton had indicated that they would waive any possible conflict and that defendant would do the same.

2

¶ 8        A hearing was held on the State's motion to disqualify Snowden. Defendant was personally present at the hearing. The State argued that Snowden had contemporaneously represented defendant and Stratton, a prosecution witness. The State argued that this created a conflict for representing defendant going forward. Snowden argued that there was no *per se* conflict unless he contemporaneously represented defendant and Stratton at the time of defendant's trial. Snowden maintained that he no longer represented Stratton.

¶ 9        The court found that a *per se* conflict of interest existed regarding the charges involving the incident on February 17, 2017. The court ruled that Snowden would have to disqualify himself from representing defendant on those charges, but he could continue to represent defendant on the other charges. The court asked defendant if he wished to hire private counsel to represent him on the charges involving Stratton, and defendant said yes. Defendant hired attorney Matthew Mueller to represent him on those charges.

¶ 10       On July 5, 2017, a bench trial was held on the two aggravated battery charges concerning Brandon. Snowden represented defendant at the trial. The evidence at the trial tended to show that defendant and several other individuals got into an altercation with Brandon and Logan Nighswonger at a bar. They struck Brandon in the head with their fists and a pool cue. Brandon suffered several lacerations to his head and had memory problems after the incident. Brandon, Logan, and two police officers testified for the State. Curtis Dawson testified for the defense. The court found defendant guilty of both charges and sentenced him to five years' imprisonment on one of the aggravated battery counts. The other count merged.

¶ 11       On October 20, 2017, defendant entered into a plea deal regarding the remaining charges. Mueller represented him during the plea hearing. Pursuant to the agreement, defendant pled guilty to aggravated assault and one count of driving while his license was revoked, and the State

dismissed the remaining charges. As a factual basis for the plea, the prosecutor stated that Durando would testify that she was driving her vehicle on the date of the incident. Defendant got into an argument with a passenger in her vehicle, and he chased Durando's vehicle with his vehicle. Defendant struck Durando's vehicle, causing it to become nonfunctional. At the time of the incident, defendant's license was revoked because he had a prior conviction for driving while under the influence of alcohol. Defendant received concurrent sentences of one year of imprisonment on each count.

¶ 12                                  II. ANALYSIS

¶ 13        Defendant argues that his conviction for aggravated battery should be reversed and the matter should be remanded for a new trial because Snowden labored under a *per se* conflict of interest by representing Stratton, one of defendant's victims. Defendant argues that the court did not cure the *per se* conflict of interest by only removing Snowden from representing defendant on the charges related to Stratton. Defendant notes that he did not make an informed and voluntary waiver of his right to conflict-free counsel. We find that Snowden did not labor under a *per se* conflict of interest because Stratton was not the victim of the aggravated battery charges nor was she involved in the incident giving rise to those charges.

¶ 14        "A criminal defendant's sixth amendment right to effective assistance of counsel includes the right to conflict-free representation." *People v. Hernandez*, 231 Ill. 2d 134, 142 (2008). A defense attorney has a *per se* conflict of interest when " 'facts about a defense attorney's status *** engender, *by themselves,* a disabling conflict.' " (Emphasis in original.) *People v. Morales*, 209 Ill. 2d 340, 346 (2004) (quoting *People v. Spreitzer*, 123 Ill. 2d 1, 14 (1988)). In such instances, "counsel's knowledge that a result favorable to his other client or association would inevitably conflict with defendant's interest 'might "subliminally" affect counsel's performance

4

in ways [that are] difficult to detect and demonstrate.' " *Hernandez*, 231 Ill. 2d at 143 (quoting *Spreitzer*, 123 Ill. 2d at 16).

¶ 15    Our supreme court has held that a *per se* conflict of interest exists: "(1) where defense counsel has a prior or contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution; (2) where defense counsel contemporaneously represents a prosecution witness; and (3) where defense counsel was a former prosecutor who had been personally involved with the prosecution of defendant." *People v. Fields*, 2012 IL 112438, ¶ 18. If a *per se* conflict is found to exist, it is not necessary for the defendant to show that the conflict affected the attorney's performance. *Id*. Rather, a *per se* conflict is grounds for automatic reversal unless the defendant has waived the conflict. *Id.*

¶ 16    Here, defendant has not demonstrated that Snowden's representation of Stratton created a *per se* conflict of interest regarding the aggravated battery charges involving Brandon. Our supreme court has held that a *per se* conflict of interest exists "where defense counsel has a prior or contemporaneous association with *the victim*." (Emphasis added.) *Id*. We believe that this statement refers to the victim of the offense on which the attorney represents the defendant. This interpretation is supported by the court's discussion of *per se* conflicts in *Hernandez*. The *Hernandez* court noted that it had "construed broadly the *per se* conflict rule when counsel represents both *the victim of defendant's offense* and the defendant himself." (Emphasis added.) *Hernandez*, 231 Ill. 2d at 151.

¶ 17    In the instant case, Stratton was not the victim of the aggravated battery charges on which Snowden represented defendant. For all practical purposes, the aggravated battery charges were a separate case from the charges relating to Stratton. Although the charges involving Stratton were brought under the same case number as the aggravated battery charges, they involved a different

5

incident that occurred more than two years later than the bar fight giving rise to the aggravated battery charges. The aggravated battery charges were tried separately from the charges relating to Stratton. Under these circumstances, we do not believe that the rationale for *per se* conflicts of interest applies.

¶ 18    We do not foreclose the possibility that, under different circumstances, defense counsel's representation of one victim would constitute a *per se* conflict of interest on charges concerning a different victim. For example, if a defendant was charged with multiple offenses for injuring multiple victims in the same incident or closely related incidents, an attorney's representation of one of the victims might constitute a *per se* conflict of interest as to all the charges against the defendant. In the instant case, however, the incident giving rise to the aggravated battery charges was completely separate from and unrelated to the incident giving rise to the charges relating to Stratton.

¶ 19    We reject defendant's reliance on *People v. Arreguin*, 92 Ill. App. 3d 899 (1981). In *Arreguin*, the defendant was convicted of criminal damage to property. *Id.* at 900. Defense counsel's law firm was also retained by a hospital that was the victim in an unrelated case pending against the defendant. *Id.* An official of the hospital testified against the defendant at the sentencing hearing in the criminal damage to property case. *Id.* The *Arreguin* court held that a *per se* conflict of interest existed based on defense counsel's law firm's ongoing representation of the hospital. *Id.* at 902. The court held that the same reasoning that made it a *per se* conflict to represent both the defendant and the victim with regard to the same offense applied to that case. *Id.* The court reasoned:

> "The tactical decisions made by counsel may be subtly, even subconsciously affected to the detriment of one client by counsel's desire not to alienate another

client. Certainly such psychological influences may be present where counsel represents a criminal defendant while engaged in the continuing representation of another client whose interests have been violated at some earlier time by that same defendant. Under these circumstances, the criminal defendant is denied the unbiased, forceful representation guaranteed to him by the Constitution, and a reversal of the defendant's conviction is mandated without a showing of actual prejudice." *Id.*

¶ 20 This case is factually distinguishable from *Arreguin* because Snowden's representation of Stratton had ended prior to the time that defendant was tried and sentenced on the aggravated battery charges. This distinction is significant because the *Arreguin* court's justification for extending the *per se* conflict rule to the representation of the victim of a different offense in an unrelated case was based largely on "counsel's desire not to alienate another client" and counsel's "continuing representation of another client whose interests have been violated at some earlier time by that same defendant." *Id.* Such reasoning does not apply where counsel no longer represents the victim of a different offense.

¶ 21 Also, while the *Arreguin* court did not base its finding that a *per se* conflict of interest existed solely on the fact that a hospital official testified at the defendant's sentencing hearing, it arguably could have done so. Our supreme court has recognized that the contemporaneous representation of a defendant and a witness for the State constitutes a *per se* conflict of interest. *Fields*, 2012 IL 112438, ¶ 20.

¶ 22 Because we have found that no *per se* conflict of interest existed, we need not address the State's argument that defendant has not shown that the alleged conflict adversely affected

7

Snowden's representation, which it claims is required pursuant to the United States Supreme Court's holding in *Mickens v. Taylor*, 535 U.S. 162 (2002).

¶ 23                            III. CONCLUSION

¶ 24        The judgment of the circuit court of La Salle County is affirmed.

¶ 25        Affirmed.