NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250522-U

NO. 4-25-0522

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 18, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| KENNY D. HARRIS, | ) | No. 13CF752 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Philip J. Nicolosi, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Steigmann and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the trial court's judgment, as no issue of arguable merit could be raised on appeal.

¶ 2    Defendant, Kenny D. Harris, appeals from the trial court's dismissal of his successive postconviction petition at the second stage of proceedings under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). On appeal, the Office of the State Appellate Defender (OSAD) moves to withdraw as counsel on the ground no issue of arguable merit can be raised. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                          I. BACKGROUND

¶ 4    The underlying facts of this case have been clearly set forth in defendant's prior appeal. See *People v. Harris*, 2016 IL App (2d) 140817-U. Accordingly, we will set forth only the facts necessary to resolve the issue presented in the instant case.

¶ 5        On April 3, 2013, defendant was indicted on four alternative counts of aggravated driving under the influence (DUI) involving death (counts I-IV) (625 ILCS 5/11-501(a)(1), (a)(2), (a)(5), (a)(6), (d)(1)(F) (West 2012)); four alternative counts of aggravated DUI (counts V-VIII) (*id.* § 11-501(a)(1), (a)(2), (a)(5), (a)(6), (d)(1)(G)); leaving the scene of a personal injury accident (count IX) (*id.* § 11-401(a)); and aggravated driving after his driver's license was revoked (count X) (*id.* § 6-303). Prior to the start of trial, the charges of leaving the scene of a personal injury accident and aggravated driving after his driver's license was revoked (counts IX and X) were nol-prossed. Defendant was also charged with misdemeanor DUI (*id.* § 11-501(a)); driving while his driver's license was revoked (*id.* § 6-303); operating an uninsured vehicle (*id.* § 3-707); and reckless driving (*id.* § 11-503(a)).

¶ 6        In June 2014, following a jury trial, defendant was found guilty on all counts. At sentencing, counts II through VIII merged into count I and defendant was sentenced to 20 years' imprisonment for aggravated DUI (drugs) resulting in death (*id.* § 11-501(a)(6), (d)(1) (F)). On direct appeal, the appellate court affirmed defendant's convictions and sentence. *Harris*, 2016 IL App (2d) 140817-U, ¶ 43.

¶ 7        On December 14, 2016, defendant filed a postconviction petition under the Act, arguing he should serve 50% of his sentence. The trial court dismissed defendant's petition at the first stage as frivolous and patently without merit. The appellate court affirmed. *People v. Harris*, No. 2-17-0200 (Mar. 15, 2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8        In March 2023, defendant moved for leave to file a successive postconviction petition. The successive petition alleged newly discovered evidence trial counsel had a *per se* conflict of interest where prosecution witness Allison Sowell paid counsel $400 to represent

Joseph Threadgill, the father of her child, in a separate criminal case. According to the petition, the representation of Threadgill overlapped with defendant's trial, where Sowell was called as a prosecution witness. Defendant attached a copy of Sowell's $400 check to counsel and other court documents. The petition asserted counsel's dual representation was a *per se* conflict of interest because defense counsel had a prior or contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution, citing *People v. Hernandez*, 231 Ill. 2d 134, 143 (2008).

¶ 9 On January 26, 2024, the trial court granted defendant leave to file a successive petition. The State filed a motion to dismiss defendant's successive petition, arguing there was no *per se* conflict because a person is not an "entity" assisting the prosecution. In response, defendant asserted, even if Sowell was not an entity, defense counsel created a *per se* conflict by contemporaneously representing Sowell as a client. Sowell was the girlfriend of the victim in defendant's case, testified for the State, and was cross-examined by defense counsel. The State replied Sowell was not counsel's client but paid for Threadgill's legal fees, citing Illinois Rules of Professional Conduct of 2010 Rule 1.8(f) (eff. Jan 1, 2010) to indicate the payment of fees by a third party does not create an attorney-client relationship. The State argued there were no facts to suggest Sowell retained counsel to represent her as a codefendant.

¶ 10 Following a hearing on May 21, 2025, the trial court granted the State's motion to dismiss defendant's successive postconviction petition. The court found Sowell was not defense counsel's client and no *per se* conflict existed. Sowell's affidavit and $400 check both identified Threadgill, not Sowell, as the client. The court further found defendant had not shown an actual conflict of interest by failing to identify a specific defect in counsel's trial strategy or decision-making.

¶ 11    This appeal followed.

¶ 12                        II. ANALYSIS

¶ 13    On appeal, OSAD moves to withdraw as counsel. Counsel asserts she (1) read the record on appeal, (2) reviewed the facts and applicable law, and (3) discussed the case with another attorney. OSAD concludes an appeal in this case would be without arguable merit. Counsel provided proof of service of her motion and memorandum on defendant, and this court granted defendant the opportunity to file a response. Defendant did not file a response. OSAD submits there is no meritorious argument the trial court erred in dismissing defendant's successive postconviction petition at the second stage. After examining the record and OSAD's brief in support of its motion to withdraw, we agree this appeal presents no meritorious issues.

¶ 14    The Act provides a means by which criminal defendants can attack convictions based on a substantial denial of state or federal constitutional rights. *People v. Guerrero*, 2012 IL 112020, ¶ 14. Generally, a defendant may file only one postconviction petition. 725 ILCS 5/122-1(f) (West 2024). Claims of a substantial denial of constitutional rights not raised in the initial or amended postconviction petition are waived. *Id.* § 122-3. A defendant must obtain leave from the trial court in order to file a successive petition under the Act. *Id.* § 122-1(f). To obtain leave, a defendant must (1) demonstrate cause and prejudice regarding the failure to raise a claim in the earlier petition or (2) set forth a claim of actual innocence. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). Cause requires "an objective factor that impeded [the defendant's] ability to raise a specific claim during his or her initial postconviction proceedings." 725 ILCS 5/122-1(f) (West 2024). Prejudice requires the claim not raised "so infected the trial that the resulting conviction or sentence violated due process." *Id.*

¶ 15    If leave to file a successive postconviction petition is granted, the petition is

docketed for second-stage proceedings. *People v. Robinson*, 2020 IL 123849, ¶ 43. To proceed beyond the second stage of proceedings on a postconviction petition, a defendant must make a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). Our review of a second-stage dismissal of a postconviction petition is *de novo*. *People v. Dupree*, 2018 IL 122307, ¶ 29.

¶ 16        The sixth amendment (U.S. Const., amend. VI) right to effective assistance of counsel includes the right to conflict-free representation. *People v. Yost*, 2021 IL 126187, ¶ 36. The Illinois Supreme Court has recognized two categories of conflicts of interest: *per se* and actual. *Id.* ¶ 37. A *per se* conflict of interest arises when (1) defense counsel has a contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution; (2) defense counsel contemporaneously represents a prosecution witness; or (3) defense counsel was a former prosecutor who was personally involved in the prosecution of the defendant. *Id.* ¶ 66. To demonstrate an actual conflict, a defendant must identify an actual conflict which adversely affected his counsel's performance. *Id.* ¶ 38.

¶ 17        Here, the sole issue raised in defendant's successive postconviction petition was whether his trial counsel labored under a conflict of interest. OSAD contends defendant cannot make a substantial showing of a conflict of interest. OSAD considered raising whether defendant (1) demonstrated a *per se* conflict of interest or (2) asserted an actual conflict of interest. For the following reasons, we agree no meritorious issue is presented by this appeal.

¶ 18        Counsel contends she can make no meritorious argument trial counsel's representation fell under any of the categories of a *per se* conflict of interest. As defendant made no allegation as to counsel being a former prosecutor, we focus on the first two categories.

¶ 19        First, Sowell was not an entity. Our supreme court has held a prosecution witness

is not "an entity assisting the prosecution." *People v. Fields*, 2012 IL 112438, ¶¶ 29-30, 33. Further, defendant did not allege his trial counsel had any association with the victim or prosecution. Therefore, the first category of *per se* conflict was inapplicable.

¶ 20        Second, trial counsel did not represent Sowell as his client when Sowell merely paid for Threadgill's representation. See *People v. Hernandez*, 246 Ill. App. 3d 243, 250 (1993) ("The bare fact that a third person pays the attorney fees for a defendant does not necessarily establish that the attorney is the attorney for the third party in a legal proceeding."). To show a *per se* conflict of interest, a "defendant must show only that counsel had a contemporaneous conflicting *professional commitment* to another." (Emphasis added.) *People v. Moore*, 189 Ill. 2d 521, 538 (2000). The record shows Sowell's check to trial counsel and her affidavit clearly identified Threadgill, the father of her child, as counsel's client. Counsel had a professional commitment to Threadgill, and the affidavit does not indicate counsel had an obligation to Sowell. Thus, the second category of *per se* conflict was inapplicable where counsel did not contemporaneously represent Sowell.

¶ 21        Lastly, OSAD considered whether defendant asserted an actual conflict. To show an actual conflict, a defendant must identify "a specific deficiency in his counsel's strategy, tactics, or decision making that is attributable to [an] alleged conflict." *Yost*, 2021 IL 126187, ¶ 38. In his successive postconviction petition, defendant suggested trial counsel's decision to retain a juror who knew Sowell "raise[d] the question as to whether his association with Ms. Sowell had an influence on counsel's decision-making." However, as OSAD notes, counsel questioned the juror and consulted with defendant, and defendant agreed with the decision to allow the juror to continue to serve. Defendant affirmatively agreed on the record when the trial court stated the juror was an "honest person" with a "very limited" connection to Sowell. Therefore, defendant has not

identified a specific defect for asserting an actual conflict of interest. Ultimately, we agree with OSAD there is no meritorious argument the trial court erred in dismissing defendant's successive postconviction petition at the second stage.

¶ 22                                III. CONCLUSION

¶ 23            For the reasons stated, we conclude there are no issues of arguable merit defendant can raise on appeal. Accordingly, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 24            Affirmed.