2020 IL App (1st) 171097-U

FIRST DISTRICT,
SECOND DIVISION
May 26, 2020

No. 1-17-1097

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 11 CR 18876 |
| | ) | |
| DEE FORD, | ) | Honorable |
| | ) | James B. Linn, |
| Petitioner-Appellant. | ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Second-stage dismissal of defendant's postconviction petition required reversal where defendant made a substantial showing that postconviction counsel did not fully review the trial record as required by Rule 651(c).

¶ 2    Defendant Dee Ford was convicted of attempted murder and filed a postconviction petition alleging ineffective assistance of trial counsel.  Her petition was dismissed at the second stage.  On appeal, she argues, and the State concedes, that the dismissal must be reversed because the record shows that postconviction counsel did not fully review the trial record as

required by Supreme Court Rule 651(c). Because we agree, we reverse and remand for further second-stage proceedings.

¶ 3                                        BACKGROUND

¶ 4        In the summer of 2011, Ford was hired by Margolith Rotman to clean her apartment. On August 11, 2011, while Ford was at Rotman's apartment, Ford asked Rotman for her "PIN number." Rotman said she did not have a PIN or a debit card. Ford then struck her on the head with a waffle iron and continued striking her until she lost consciousness. When Rotman regained consciousness, she saw Ford exiting the apartment with a folder containing documentation for Rotman's checking account.

¶ 5        Ford was arrested on August 14, 2011, and initially charged by information with multiple counts of aggravated battery under case number 11-CR-13813. On November 16, 2011, the State filed a superseding indictment under case number 11-CR-18876, adding charges of attempted first degree murder. Ford was arraigned on the new indictment on November 28, 2011.

¶ 6        Following a bench trial, Ford was found guilty on all counts, with the aggravated battery counts being merged into the attempted murder counts. Ford was sentenced to 14 years' imprisonment. On direct appeal, the parties agreed to a summary remand to re-issue the mittimus to reflect a single conviction for attempted first degree murder.

¶ 7        On August 12, 2014, Ford filed a *pro se* petition for postconviction relief, claiming, in relevant part, that her trial counsel was ineffective. She alleged that her trial counsel did not visit her in jail before January 11, 2012, and only visited her once in jail thereafter. The visit was less than 15 minutes long, and counsel did not discuss with her the elements of the charges against her, the State's potential witnesses, or the evidence on her behalf, nor did counsel answer any of

Ford's questions. Ford additionally alleged that on January 11, 2012, while she was in the "bull pen" at court, her counsel admitted that she was "negligent" for not advising Ford to plead guilty to aggravated battery "while she had the chance," i.e., before the State "upgrad[ed]" the charge to attempted murder. Ford supported her petition with her own affidavit.

¶ 8    On September 11, 2014, the circuit court advanced Ford's petition to second-stage proceedings and appointed counsel to represent Ford. On July 11, 2016, postconviction counsel (PC counsel) filed a Rule 651(c) certificate in which he stated that after consulting with Ford and reviewing "the record of proceedings at the trial and sentencing in this case," he determined it was not necessary to amend her petition. The certificate was captioned with the case number 11-CR-1887601-01 but did not reference the original case number of 11-CR-13813.

¶ 9    During the hearing on the State's motion to dismiss, PC counsel reiterated that he had communicated with Ford and had reviewed "appellate records as well as the trial transcript." He argued that Ford did not know that she could plead guilty, and if she had been properly advised by counsel, she "most likely in hindsight" would have sought to negotiate a plea instead of going to trial. Alternately, he argued that Ford's trial counsel did not consult with her long enough to provide an adequate defense, but he was unable to specify what counsel could have done differently at trial.

¶ 10    The circuit court noted that a preliminary hearing was not held on the original indictment, and the grand jury only met once, on the upgraded indictment. Based on these facts, the court surmised that Ford would not have been appointed counsel until after the charges were upgraded to attempted murder—an assertion which PC counsel did not contradict. Thus, the court found that Ford was blaming her trial counsel for "things that *** preceded her involvement in the case" and granted the State's motion to dismiss.

¶ 11                                               ANALYSIS

¶ 12        Ford argues, and the State concedes, that the dismissal of her petition must be reversed because PC counsel did not fully review the trial record as required by Supreme Court Rule 651(c).  Specifically, although PC counsel reviewed the record in case number 11-CR-18876, the record does not reflect that he reviewed the record in 11-CR-13813, under which Ford was originally charged.

¶ 13        The Post-Conviction Hearing Act allows a convicted defendant to file a petition asserting that her conviction was the result of a substantial denial of her constitutional rights.  *People v. Johnson*, 2017 IL 120310, ¶ 14.  At the second stage of postconviction proceedings, the defendant must make a "substantial showing" of a constitutional violation.  (Internal quotation marks omitted.)  *People v. Domagala*, 2013 IL 113688, ¶ 33.  The court must accept as true all factual allegations that are not positively rebutted by the record (*Johnson*, 2017 IL 120310, ¶ 14) and may not consider matters outside the record (*People v. Sanders*, 2016 IL 118123, ¶ 43). We review the dismissal of defendant's petition *de novo*.  *People v. Coleman*, 183 Ill. 2d 366, 388 (1998).

¶ 14        Supreme Court Rule 651(c) provides, in relevant part:

"The record *** shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."  Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

When an attorney files a Rule 651(c) certificate, it creates a presumption that the requirements of the rule have been satisfied; defendant may rebut this presumption by showing that postconviction counsel failed to "substantially comply" with the rule. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 15 Here, neither the Rule 651(c) certificate nor the record shows that PC counsel reviewed the record pertaining to case number 11-CR-13813. The certificate references only "the record of proceedings at the trial and sentencing" in 11-CR-18876. Similarly, at the hearing on the State's motion to dismiss, PC counsel stated that he reviewed "appellate records as well as the trial transcript" but made no reference to 11-CR-13813. This was particularly relevant here, since Ford's petition alleged that trial counsel failed to consult with her in relation to 11-CR-13813, and a major issue at the hearing was whether trial counsel was appointed before Ford was arraigned on the superseding indictment.[1]

¶ 16 We find that Ford has met her burden of showing that PC counsel failed to substantially comply with Rule 651(c). Accordingly, we need not consider Ford's remaining claims of error. We reverse the trial court's dismissal of Ford's postconviction petition and remand for further second-stage postconviction proceedings in compliance with Rule 651(c).

¶ 17 Reversed and remanded.

---

[1] We note that Ford was arraigned on the superseding indictment on November 28, 2011, and at a hearing on that date, trial counsel acknowledges that she was "previously appointed."